UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MOHAMED ADMED HASSAN                    CIVIL ACTION NO. 14-cv-2426
ABDALLAH OMRAN

VERSUS                                  JUDGE HICKS

STEVE PRATOR, ET AL                     MAGISTRATE JUDGE HORNSBY


**MEMORANDUM ORDER**

Mohamed Admed Hassan Abdallah Omran ("Plaintiff") was previously housed at the
Caddo Correctional Center.  He filed this civil rights action against Sheriff Prator and jail
officials based on allegations that they wrongfully denied him a proper Muslim diet.  Before
the court are a number of motions.

Plaintiff filed a **Motion to Produce Documents (Doc. 19)** in which he asked the court
to issue a subpoena to have the defendants produce a copy of Plaintiff's kites regarding his
religious diet, a copy of his ARP grievance process, copies of rules and regulations regarding
the filing of ARP grievances, and copies of Plaintiff's medical and mental health records
from the jail.  The motion is **denied**.  The proper procedure for seeking documents from a
party is to serve counsel for that party with a request for production of documents pursuant
to Rule 34.  The request is not filed in the record.  The defendant then has 30 days to respond
to the request.  If a response is not timely served, or if the responses are not legally
satisfactory, the requesting party can then file a motion to compel under Rule 37.  Requesting

that the court issue a subpoena to another party is not proper procedure. Subpoenas are for obtaining documents from persons who are not parties to the suit.

Plaintiff filed another Motion to Produce Documents (Doc. 41) in which he asked the court to issue a subpoena to have the Defendants produce policy F-135-02 regarding religious diets. Plaintiff states that Defendants referred to this policy in their answers to interrogatories. Defendants responded that the motion was the first request they received for the document and should be treated as a request for production rather than a motion to compel. The court agrees. The **Motion to Produce Documents (Doc. 41) is denied**. Defendants are instructed to treat it as a request for production of the policy and serve Plaintiff a response to the request, if they have not already done so, no later than **April 20, 2015**.

Plaintiff has also filed two **Motions for Preliminary Injunction (Docs. 5 and 22)** in which he asked that the court immediately order Defendants to provide him a diet that conforms with his religious beliefs. He contends that they have offered to provide him a non-pork diet, but he complains that is not sufficient because the meat did not come from animals that were dedicated to Allah at the time of slaughter. Plaintiff recently sent the court a Notice of Change of Address (Doc. 44) in which he stated that he is now housed at the Natchitoches Detention Center. A prisoner's transfer to another facility "render[s] his claims for declaratory and injunctive relief moot." Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001) (claims for injunctive and declaratory relief based on exposure to asbestos were mooted by transfer to another prison); Cooper v. Sheriff, Lubbock County, 929 F.2d 1078,

1084 (5th Cir. 1991) (claims for injunctive relief based on denial of food at prior jail were

moot).  Accordingly, Plaintiff's motions (Docs. 5 and 22) are **denied as moot**.

Plaintiff is now quite limited in the relief he may obtain even if he prevails on the

merits.[1] Injunctive relief is not longer available. Compensatory damages are not available;

prisoners may not recover them in the absence of a physical injury.[2]  Punitive damages are

available only if the plaintiff shows that a defendant's conduct was motivated by evil motive

or intent or involved reckless or callous indifference to federally protected rights.[3] That is an

extraordinarily difficult burden to meet.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of April, 2015.



Mark L. Hornsby
**U.S. Magistrate Judge**

---

[1] Hutchins v. McDaniels, 512 F.3d 193, 196-97 (5th Cir. 2007) (discussing remedies available when there is no physical injury to the prisoner).

[2] 42 U.S.C. § 1997e(e); Geiger v. Jowers, 404 F.3d 371, 374-75 (5th Cir. 2005) (no compensatory damages available on First Amendment claim of deprivation of magazines when there was no physical injury).

[3] Smith v. Wade, 103 S.Ct. 1625 (1983).