UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MOHAMMED AHMED HASSAN ABDALLAH OMRAN

CIVIL ACTION NO. 14-2426-P

VERSUS

JUDGE S. MAURICE HICKS, JR.

STEVE PRATOR, ET AL.

MAGISTRATE JUDGE HORNSBY

**AMENDED MEMORANDUM ORDER**

Before the Court is Plaintiff Mohammed Ahmed Hassan Abdallah Omran's ("Omran") "Motion for Relief from Court Judgment" (Record Document 105). Omran seeks relief from the Court's January 6, 2016, Judgment (Record Document 86) adopting Magistrate Judge Hornsby's Report and Recommendations (Record Document 75), which recommended denying Omran's Motion for Summary Judgment and granting the Defendants' Motion for Summary Judgment. Omran appealed the Court's Judgment to the Fifth Circuit Court of Appeals. See Record Document 88.

In the Court's original Memorandum Order on the instant Motion, the Court mistakenly stated that Omran's appeal was still pending before the Fifth Circuit and had not yet been ruled on. See Record Document 106. As such, that Memorandum Order (Record Document 106) is hereby **VACATED**. In fact, the Fifth Circuit affirmed this Court's ruling granting Defendants' Motion for Summary Judgment. See Omran v. Prator, 2016 U.S. App. LEXIS 23410 (5th Cir. 2016).

Omran seeks relief from the Court's Judgment under Federal Rule of Civil Procedure 60, on the ground that he "inadvertently did not include his Equal Protection claim in his motion for summary judgment." Record Document 105. He argues that "the Fifth Circuit recently ruled on the case," causing him to realize his mistake in failing to

include this claim in his Motion for Summary Judgment. Id. He argues that the fact that he is a pro se detainee untrained in the law and without the same legal materials available to attorneys constituted the kind of "inadvertence, mistake, and excusable neglect" necessary for the Court to relieve him of the effects of its Judgment under Rule 60(b)(1).

Omran's pro se status does not relieve him of the obligation to comply with procedural rules, including the requirement that a party include all bases for summary judgment in the Motion for Summary Judgment. See Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981) ("the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law"); see Fed. R. Civ. P. 56. As such, the Court finds that his pro se status, lack of training in the law, and lack of access to all of the materials available to attorneys do not constitute the type of "inadvertence, mistake, and excusable neglect" needed for a successful Rule 60 Motion. Omran had the opportunity to present his Equal Protection argument in the district court, but failed to do so. The Court retains discretion in ruling on such a Motion, and it declines to relieve Omran of the effect of his earlier error. See Johnson v. Masonic Bldg. Co., 138 F.2d 817, 818 (5th Cir. 1943).

Finally, a Rule 60(b) Motion is not a substitute for appeal. See Providential Dev. Co. v. United States Steel Co., 236 F.2d 277, 281 (10th Cir. 1956). To the extent Omran seeks to use the instant Motion to obtain a reversal of the Court's Judgment and a second chance at obtaining summary judgment in his favor, such use is improper.

The Court's factual error as to whether the Fifth Circuit had ruled on Omran's appeal does not affect the Court's conclusion that Omran is not entitled to relief in the instant "Motion for Relief from Court Judgment." Indeed, the Fifth Circuit's opinion

confirms that Omran should have raised his Equal Protection issue in his Motion for Summary Judgment in the district court, but failed to do so. See Omran, 2016 U.S. App. LEXIS 23410 (5th Cir. 2016).

Accordingly, the Court's previous Memorandum Order (Record Document 106) is hereby **VACATED**. **IT IS FURTHER ORDERED** that Omran's "Motion for Relief from Court Judgment" (Record Document 105) be and is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, on this the 18th day of January, 2017.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE